## NEUSCHAFER *v.* ROCKWELL.

SALES—FAILURE TO CONSUMMATE SALE—DOWN PAYMENT—RIGHT TO RECOVER—DEFAULT.

> Where defendant, an agent for a motor truck, purchased a farm from plaintiff, and was allowed a credit of $750 on the purchase price as the down payment on a truck purchased by plaintiff, defendant agreeing to accept plaintiff's notes for the balance, but the sale of the truck was never consummated and it was never delivered for the reason that the manufacturer refused to accept plaintiff's notes, and the $750 was never repaid, defendant was in default, and plaintiff, on a bill filed for that purpose, was entitled to a lien on the farm for the $750 and interest, in addition to the amount admitted to be owing.

Appeal from Oakland; Rockwell, J. Submitted April 18, 1919. (Docket No. 72.) Decided July 17, 1919.

Bill by Jacob R. Neuschafer and others against David G. Rockwell and another to set aside a deed or to establish a lien. From the decree rendered, plaintiffs appeal. Modified and affirmed.

*Harvey S. Durand,* for plaintiffs.

*Campbell, Dewey & Stanton,* for defendants.

BIRD, C. J.   In the year 1916 plaintiffs resided on a small farm which they owned in Milford township, Oakland county.   In August of that year plaintiff, William H. Neuschafer, purchased from defendant, David G. Rockwell, a Wilson motor truck for $2,600 upon the following terms:   $750 down payment and the balance, $1,850, in 12 equal monthly installments, the same to be evidenced by promissory notes.   William fell behind in his payments and defendant went to the farm to learn the cause of it.   He found him willing but unable to pay.   William offered to turn the truck back but defendant encouraged him to go forward with his payments.   While there, defendant had some talk with plaintiffs about purchasing their farm, and the sale of another truck to Jacob.   Following this, further negotiations were had and finally an oral agreement was reached, then a written agreement was made and subsequently this was twice amended so that when they had finished their negotiations they had an agreement, in substance as follows: Defendant was to purchase the farm and certain personal property thereon for a consideration of $5,125, subject to certain mortgages which he agreed to assume.   From the balance of the consideration, after deducting the amount of the mortgages, the down payment of $750 on the motor truck to be delivered to Jacob was to be deducted, also any future payments which might be due and unpaid on either of the trucks. In pursuance of this agreement, and the request of defendant, the conveyance of the farm was made and delivered to Beatrice Rockwell, the wife of defendant. At the time of the transfer they found due plaintiffs the sum of $2,595.   It was agreed this should be paid, $1,650 in cash, and a note for $945, payable in one year.   The $1,650 to be paid in cash was paid by crediting $750, the down payment on the motor truck to

be delivered to Jacob; the cancellation of notes aggregating $400 owing by William on his motor truck, and a cash payment of $500. The cash payment was made but nothing further was paid. Neither was the motor truck delivered to Jacob, nor were the canceled notes of William returned to him. Being unable to reach an amicable adjustment, plaintiffs filed this bill praying that the conveyance of the farm and personal property be set aside until the consideration was paid in accordance with the agreement, or that a lien be declared thereon for the amount which the court should find due.

At the hearing counsel agreed upon $791.29 as the sum due plaintiffs. This did not include the $750 down payment on Jacob's truck. The real and sole controversy was whether plaintiffs should recover the $750 which had been paid on Jacob's motor truck. The chancellor was of the opinion that plaintiffs were not entitled to recover this item. A decree was made finding $735.04 due plaintiffs, and making the amount a lien on the farm and ordering a sale in default of payment within 10 days. The decree contained other provisions, but as they are not appealed from and are not material here, no mention need be made of them. From this decree plaintiffs have appealed.

Plaintiffs' contention is that they allowed defendant a credit of $750 on the consideration of the farm for the down payment on the motor truck to be delivered to Jacob, and that he was to purchase it on the same terms that had been theretofore accorded to William. That Jacob repeatedly demanded the truck, but it was never delivered to him, and, therefore, the payment should be returned to them and added to the balance which the chancellor found due them in the decree. Defendant takes the position that Jacob never fixed the time when he wished the truck delivered, and fur-

ther that the Wilson Company, the manufacturers of the truck, would not accept Jacob's notes for monthly payments because William had made a failure of his deal, and inasmuch as Jacob could not pay the balance in cash the truck was never delivered to him. Contending that it was no fault of his that the truck was not delivered defendant claimed his commission thereon of $750.

We think the testimony establishes beyond question the fact that defendants sold a motor truck to Jacob for $2,600, with terms of payment the same as those in William's agreement, namely, $750 down, the balance payable in 12 equal monthly payments. In pursuance of this agreement the $750 was paid by allowing defendant a credit therefor on the consideration of the farm. It is conceded that Jacob never got the truck. The testimony on the question as to whose fault it was that the truck was never delivered is very much in conflict.

After a careful reading of the testimony we have no difficulty in reaching the conclusion that it was not Jacob's fault but was the defendant's. Jacob had made the initial payment on the truck and had nothing more to pay until a month after delivery. He desired the truck to enable him to earn a living, and no reason appears why he should refuse to accept it. But defendant says the Wilson Company would not accept Jacob's notes, and as Jacob could not pay the balance of the purchase price in cash the truck could not be delivered. This is no legal excuse for defendant's failure to deliver the truck. Plaintiffs were dealing with defendant and not with the Wilson Company. Defendant was dealing with plaintiffs on his own account, he had purchased a farm of them, and in so doing he agreed to furnish a motor truck to Jacob on the same terms as were given to William. The mood that the Wilson Company might be in as to the ac-

ceptance of Jacob's notes had nothing to do with the matter. It was defendant's agreement and not the Wilson Company's agreement. If defendant promised to deliver something which he could not, or did not, deliver, he should not, in equity, receive a commission on his failure. We are impressed from the whole record that the real reason was that the Wilson Company would not accept Jacob's notes for the balance of the purchase price, nor would they accept defendant's, and defendant did not have the money to pay it, therefore the truck was never delivered. It is somewhat significant in this connection that defendant severed his connection with the Wilson Company during the period that Jacob was endeavoring to get his truck. Again, if defendant had made a good-faith effort to get the truck he could have stated to the Wilson Company that he was indebted to Jacob and William on the farm and that he had an arrangement with them to deduct any payments on the trucks which might be in default and he could have assigned the security to the Wilson Company and obtained the truck.

We are not impressed that defendant's dealings with plaintiffs were as fair and frank as they should have been. Plaintiffs are without education and are woefully ignorant of business or business methods. They had no counsel. Defendant was aided throughout by counsel. The testimony is persuasive that defendant was bent on getting his commission without earning it. This is shown by the refusal of defendant to sign a receipt that he had received $750 on the Wilson motor truck, so that Jacob could sell his right therein to some one whose notes were acceptable, or who had the cash.

Our conclusion is that plaintiffs should be reimbursed for the $750 paid on the truck, together with interest at 5% from the date of the credit, and that this amount should be added to the amount stipulated

by the parties in the record as the amount due the plaintiffs, and this increased amount should be inserted in lieu of the $735.04 found to be due by the chancellor. The decree will be modified in this respect and affirmed. Plaintiffs will recover costs of both courts.

OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.